# Wagner *v.* Brinckerhoff.

*Bill in Equity for the Enforcement of a Vendor's Lien.*

1.  *Vendor's lien; when sufficiently shown to exist by averments of bill.*—A bill in equity to enforce a vendor's lien, which avers that complainant sold and conveyed certain lands to a designated party for a certain price which had not been paid at the time of the filing of the bill, sufficiently shows the existence of a vendor's lien.

2.  *Same; same; execution of note for purchase money.*—In a suit in chancery to enforce a vendor's lien on land sold to a corporation, where the purchase money due is evidenced by a note embodying a promise on the part of the corporation to pay, and the bill, to which is attached the note as an exhibit, avers that the note was executed by the corporation, said note, upon a demurrer being interposed to the bill, is to be considered as an obligation of the corporation, although it was merely signed by an individual describing himself as an officer of said company.

APPEAL from the Chancery Court of Shelby.

Heard before the Hon. J. R. DOWDELL.

The bill in this case was filed on December 26, 1895, by the appellant against the appellees.

It was averred in the bill that on June 28, 1890, the complainant sold and conveyed to the Shelby Lime & Cement Works, a body corporate, an undivided one-half interest in and to certain specifically described lands; that said Shelby Lime & Cement Works executed to complainant four promissory notes, evidencing the indebtedness for the purchase money, copies of which notes were attached to the bill. It was then averred that neither of said notes and none of the purchase money had even been paid. It was then averred in the bill that on the same day of the purchase from the complainant, the Shelby Lime & Cement Works executed a mortgage on said lands to W. E. Brinkerhoff & Co., a partnership composed of W. E. Brinkerhoff and one J. T. May; that

on August 14, 1895, said mortgage was foreclosed, and the Freemont National Bank became the purchaser thereof.

The prayer of the bill was for the enforcement of a vendor's lien in favor of the complainants. The notes attached to the bill as an exhibit were regular promissory notes for the several amounts, bearing interest at 8 per cent., and containing a waiver of the right of exemptions, and were each signed as follows: "T. R. Wagner, Sec'y & Gen'l Manager of the Shelby Lime & Cement Works."

To this bill the defendants demurred upon the following grounds: 1st. That the bill does not allege sufficient facts to show that the complainant was entitled to the relief prayed for, or to any relief. 2d. That the bill shows on its face that no vendor's lien was retained. 3d. That the promissory notes attached to the bill show on their faces that they were not the notes of the Shelby Lime & Cement Works. 4th. That the bill does not show that T. R. Wagner had any authority to bind the Shelby Lime & Cement Works. 5th. The bill shows on its face that the Shelby Lime & Cement Works never made the notes described in the bill, or had any notice thereof, and that the notes were the individual notes of T. R. Wagner.

On the submission of the cause upon the demurrers, the chancellor rendered a decree sustaining them. From this decree the complainant appeals, and assigns the rendition thereof as error.

W. S. CARY, for appellant.—The bill alleges that the lands were sold and conveyed to the Shelby Lime & Cement Company, a body corporate. The word "sold" imports an absolute and complete transfer of the ownership from the vendor to the vendee.—22 Amer. & Eng. Encyc. of Law, 834, note. The word "convey," in speaking of lands implies a deed.—4 Amer. & Eng. Encyc. of Law, 131, note. The bill further alleges that no portion of the purchase money was ever paid. Under these allegations the law creates a lien.

TOMPKINS & TROY, contra.

[Sweetser v. Shorter.]

McCLELLAN, C. J.—The bill alleges that the complainant sold and conveyed certain land to the Shelby Lime & Cement Company for the price of one hundred dollars, which was not paid at the time and no part of which has since been paid. Unquestionably a vendor's lien arose on these facts in favor of complainant.

The bill further avers that said company executed to complainant four promissory notes evidencing said indebtedness, which are exhibited to the bill. Notwithstanding these notes are signed only thus: "T. R. Wagner, Sec'y & Gen'l Manager of the Shelby Lime & Cement Company" they are, on the promise of the Shelby Lime & Cement Company to pay, which is in terms embodied in them, and upon the averment of the bill that they were executed by said company, to be taken as the obligations of said company and not merely of T. R. Wagner, individually. The assignment of demurrer on this point was not well taken. Whether the notes were in fact executed by the company is a question to be raised by plea or answer.

The decree sustaining the demurrer must be reversed. A decree will be here rendered overruling the demurrer and allowing respondents sixty days within which to answer or plead to the bill of complaint.

Reversed and rendered.